UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
THE ANNUITY, PENSION, WELFARE and
TRAINING FUNDS of the INTERNATIONAL UNION
OF OPERATING ENGINEERS, LOCAL 14-14B,
AFL-CIO by its TRUSTEES EDWIN L. CHRISTIAN,
CHRIS CONFREY, JOHN CRONIN, ALFRED
GEROSA, AL GETTLER, JOHN HYERS,
DANIEL NOESGES and JOHN F. O'HARE and
JOHN and JANE DOE, as Beneficiaries of the
ANNUITY, PENSION, WELFARE and TRAINING
FUNDS of the INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 14-14B,
AFL-CIO,

**MEMORANDUM and ORDER**

05-CV-447 (SLT)

Plaintiffs,

-against-

WISE CONSTRUCTION, INC. and
JESSIE WISE, individually,

Defendants.
----------------------------------------------------------------x

**TOWNES, United States District Judge:**

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*, to recover delinquent contributions allegedly owed to employee fringe benefit trust funds by defendants Wise Construction, Inc. ("the Corporation") and its president, Jessie Wise ("Wise"). In March 2006, Wise, proceeding *pro se*, filed an answer and counterclaim, in which he denied having a contractual obligation to make the contributions. After a March 23, 2006, conference, at which Magistrate Judge Robert M. Levy agreed to temporarily stay the case against Wise Construction, Inc., while Wise attempts to obtain counsel for the Corporation, Wise moved for "[a]n order to dismiss this case" on the ground that "[n]o contract exist[s]" that would obligate him to pay the allegedly delinquent contributions.

a party from compliance with relevant rules of procedural and substantive law," *id.* (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)), a *pro se* litigant's rights "should not be impaired by harsh application of technical rules." *Id.* Rather, this Court should "interpret [defendant's] submission to the Court in a way that will 'raise the strongest arguments they suggest.'" *Viada v. Osaka Health Spa, Inc.*, ___F.R.D.___, No. 04 Civ. 2744 (VM), 2006 WL 571350, at *3 (S.D.N.Y. Mar. 3, 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

In light of the foregoing, this Court must reject plaintiffs' first argument, which encourages this Court to deny the *pro se* defendant's motion purely on procedural grounds. Nonetheless, plaintiffs are correct in noting that Wise has failed to identify the Rule under which he seeks to have the Complaint dismissed. Although defendant states that he is moving to dismiss this case for lack of jurisdiction under 29 U.S.C. § 185(c) and 28 U.S.C. § 1331, defendant's motion cannot properly be construed as a motion pursuant to Fed. R. Civ. P. 12(b)(1), (2) or (3). Moreover, this motion cannot be construed as a motion pursuant to Rule 12(b)(6) because the motion relies on matters outside the pleading – namely, his affirmation denying that any contractual relationship exists between himself and plaintiffs. Instead, the motion, liberally construed, appears to be a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in which defendant Wise asserts that there is no relationship between himself and plaintiffs which would personally obligate Wise to contribute to plaintiffs' employee fringe benefit trust funds.

Since this Court construes Wise's motion for an order of dismissal as a motion for summary judgment, this Court must give all parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *See* Fed. R. Civ. P. 12(b). Wise shall

3

therefore have thirty (30) days from the date of this Memorandum and Order in which to file a supplemental submission setting forth additional evidence to prove conclusively that no contractual relationship exists between himself and plaintiffs which would obligate him to contribute to plaintiffs' employee fringe benefit trust funds. If Wise is unable to present such evidence at this time or would prefer to delay this motion until he has retained counsel to represent both himself and the Corporation, he need not file a supplemental submission but may request permission to withdraw this motion without prejudice to raising it at a later date. If defendant chooses to file a supplemental submission, rather than seek to withdraw this motion without prejudice, plaintiffs shall have thirty (30) days from their receipt of defendant Wise's supplemental submission in which to file a response.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
       May / / , 2006