UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE ANNUITY, PENSION, WELFARE and
TRAINING FUNDS of the INTERNATIONAL UNION
OF OPERATING ENGINEERS, LOCAL 14-14B,
AFL-CIO by its TRUSTEES EDWIN L. CHRISTIAN,
CHRIS CONFREY, JOHN CRONIN, ALFRED
GEROSA, AL GETTLER, JOHN HYERS,
DANIEL NOESGES and JOHN F. O'HARE, and
JOHN and JANE DOE, as Beneficiaries of THE
ANNUITY, PENSION, WELFARE and TRAINING
FUNDS of the INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 14-14B,
AFL-CIO,

**MEMORANDUM and ORDER**

05-CV-447 (SLT) (RML)

Plaintiffs,

-against-

WISE CONSTRUCTION, INC. and
JESSIE WISE, individually,

Defendants.
------------------------------------------------------------------------x
**TOWNES, United States District Judge:**

Plaintiffs – the Annuity, Pension, Welfare and Training Funds of the International Union of Operating Engineers, Local 14-14B ("the Funds") and its beneficiaries – bring this action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*, to recover delinquent contributions allegedly owed to the Funds by defendants Wise Construction, Inc. ("the Corporation") and its president, Jessie Wise ("Wise"). Wise, proceeding *pro se*, now moves on his own behalf for summary judgment, principally alleging that defendants are not parties to a collective bargaining agreement with Local 14-14B and, therefore, are not obligated to pay contributions to the Funds. For the reasons set forth below, Wise's motion for summary judgment is denied.

**BACKGROUND**

In March 2006, Wise moved to dismiss the complaint against him, asserting that this Court lacked jurisdiction over defendants because there was no contract between defendants and Local 14-14B. In light of Wise's *pro se* status, this Court liberally construed Wise's submission as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Annuity, Pension, Welfare & Training Funds of the Int'l Union of Operating Eng'rs, Local 14-14B v. Wise Constr., Inc.*, No. 05-CV-447 (SLT), slip op. at 3 (E.D.N.Y. May 11, 2006). In accordance with Fed. R. Civ. P. 12(b), this Court afforded the parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* at 3-4.

Both parties have since availed themselves of the opportunity to submit additional materials. In June 2006, Wise filed an unsigned and unsworn two-page "Supplemental Submission," in which he principally argues that defendants are not bound by collective bargaining agreements with Local 14-14B and this Court therefore lacks subject matter jurisdiction and is an improper venue. Wise's Supplemental Submission at 1. However, appended to the Supplemental Submission itself is the signature page of an "Authorization" – the entirety of which was submitted by plaintiffs in response to Wise's earlier motion to dismiss – which purports to authorize the General Contractors Association of New York, Inc. ("GCA") to enter into a collective bargaining agreement on the Corporation's behalf. In his Supplemental Submission, Wise asserts that "the authorization is a fake, fraud and forgery," and that, even if he had signed the authorization, it would have been voided by his failure to pay yearly membership dues to the GCA. *Id.* at 2.

Plaintiffs responded with a memorandum of law and an affidavit from Edwin L. Christian, the President and Business Manager of Local 14-14B. The Christian Affidavit states that the Local's records reflect that the Corporation is a member of the GCA and is, therefore, a

party to a collective bargaining agreement between GCA and Local 14-14B which obligates employers to pay contributions to the Funds. Christian Affidavit at ¶ 4. Moreover, this affidavit states that the Corporation agreed to submit to an audit, which uncovered the deficiencies that are the subject of this lawsuit, and made contributions to the Funds in 2003 and 2004. *Id.* at ¶¶ 4-5. The affidavit also attaches a May 2005 letter purportedly written by Wise on behalf of the Corporation, in which Wise states that the Corporation always paid union wages and fringe benefits to union employees, but that the Corporation had no employees other than Wise at the time the letter was written. *See id.*, Ex. B.

In an unsigned, two-page reply filed on August 1, 2006, Wise admits that he permitted Local 14 to perform the audit, but asserts that he did so "under threat." Wise's Reply Submission at 1. He further admits paying Local 14 "all of the fringe benefits for all the hours of a Local 14 operating engineer," but alleges that he did so only to prevent the Local from "shut[ting] down the job" on which the Corporation was working. *Id.* at 1-2. Finally, Wise acknowledges writing the May 2005 letter, but notes that "[t]he letter did not say benefits would be paid to the union." *Id.* at 2.

**DISCUSSION**

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant meets this burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Western World Ins. Co. v.*

*Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990).

In this case, Wise has failed to sustain his burden of showing that there is no genuine issue of material fact. Wise's arguments are predicated solely on his own unsubstantiated allegations that neither he nor the Corporation were signatories to a collective bargaining agreement with Local 14. Wise's submissions include no affidavits. Indeed, both submissions are not only unsworn, but also unsigned.

Even if Wise had sworn to, or affirmed, the facts alleged in his Supplemental Submission, those facts themselves would have created a genuine issue of material fact. Wise concedes that there exists an authorization, purportedly signed by Wise on behalf of the Corporation. That authorization, if valid and current, would obligate the Corporation to make contributions to the Funds under the terms of a collective bargaining agreement between GCA and Local 14-14B. In alleging that "the authorization is a fake, fraud and forgery," and that the authorization was voided by defendants' failure to pay membership dues to GCA, *see* Supplemental Submission at 2, Wise is himself creating two genuine issues of material fact: whether the authorization is bona fide and whether the authorization, if actually executed by Wise on behalf of the Corporation, is still in effect.

Even if Wise's Supplemental Submission were sufficient to sustain his burden of showing that there is no genuine issue of material fact, plaintiffs have set forth specific facts showing that there are genuine issues for trial. First, the Christian Affidavit states that the Local's business records reflect that the Corporation is a member of the GCA. In addition, the Christian Affidavit contains circumstantial evidence of a contractual obligation running from defendants to the Funds: evidence that the Corporation agreed to submit to an audit, made contributions to the Funds in 2003 and 2004, and certified in the May 2005 letter that it always

paid union wages and fringe benefits to union employees.

In his reply, Wise contests this circumstantial evidence by asserting that the Corporation did not voluntarily submit to the audit or make contributions, and that the May 2005 letter did not say benefits would be paid to the union. However, Wise's reply makes clear that there are genuine issues of material fact concerning the reasons the Corporation submitted to the audit and made payments to the Local, and concerning the meaning of Wise's May 2005 letter. Thus, even if Wise's Supplemental Submission was sufficient to sustain his burden upon this motion, plaintiffs' response set forth genuine issues of material fact which would preclude this Court from granting summary judgment to Wise.

## CONCLUSION

For the reasons stated above, defendant Wise's motion for summary judgment is denied.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　SANDRA L. TOWNES
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: Brooklyn, New York
　　　　March 1, 2007